UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL E. McDONLAD JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1009(HEA) |
| | ) |
| DORN SCHUFFMAN, et al., | ) |
| | ) |
| Defendants. | ) |

### OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Carl E McDonald, Jr., a civil detainee at the Missouri Sexual Offender Treatment Center (MSOTC), located in Farmington, Missouri, for leave to commence this action without payment of the required filing fee [Doc. #1].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S.

1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Dorn Schuffman, Jeremiah "Jay" Nixon, Janet Gordon, Elizabeth M. Shine, Diane McFarland, Karen Adams, Alan Blake, Sheila Light, Dr. Jay Englehardt, Dr. Martha "Marty" Bellew-Smith, Dr. Jonathan Rosenboom, Dr. Linda Meade, Paula Adams, Rebecca "Janine" Chessey, Mary Lynn Harrelson, and "Ten Unidentified Officials and/or Employees of the Missouri Department of Mental Health and/or Missouri Sexual Offender Treatment Center." Plaintiff's complaint alleges: (1) that he is denied access to the courts because he is not provided adequate access to an adequate law library; (2) that MSOTC does not provide the "highest standard of care and treatment possible"; and (3) that he is denied his first amendment rights because MSOTC will not allow him to have books by certain authors (Stephen King, etc.) and restricts other media that patients may view or read.

2

**Discussion**

Plaintiff's claim that he is being denied access to the courts should be dismissed. Plaintiff's claim that he is being denied access to the courts because (among other things) the law library at MSOTC is inadequate does not state an access to the courts claim. To state an access to the courts claim, plaintiff must allege that he suffered actual prejudice to a non-frivolous action. *Cf*. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In the case at hand, plaintiff alleges that the lack of adequate access to an adequate law library (and denial of access to other avenues of legal assistance) caused him to file "poorly prepared and insufficient 42 U.S.C. § 1983 civil actions . . . as well as a petition for habeas corpus." These cases are attached as an appendix to plaintiff's complaint. The cases cited by plaintiff, however, were voluntarily dismissed without prejudice by plaintiff or were involuntarily dismissed as frivolous, or were dismissed on the merits after an evidentiary hearing. In short, plaintiff has not alleged actual prejudice to a non-frivolous claim.[1]

Plaintiff's claim that MSOTC does not provide the "highest standard of care and treatment possible" should also be dismissed. Persons involuntarily committed to the state's custody by means of a civil proceeding - even those committed under

---

[1] Plaintiff's argument appears to be that but for denying him access to an adequate law library, his cases would have had merit because his complaints would have been better drafted or researched. The Court notes, however, that plaintiff's pleadings were given a "liberal construction" by the courts, see *Haines v. Kerner*, 404 U.S. at 520, yet still found to be frivolous.

3

Missouri's Sexually Violent Predators Act (SVPA)[2] -retain constitutionally protected liberty interests to reasonable safety, reasonable freedom from bodily restraint(e.g., use of handcuffs, shackles, etc.), and such reasonable training or treatment as may be required. *See Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). The Supreme Court, however, has made clear that when evaluating whether a civil detainee's liberty rights have been violated - in deciding whether a restraint is reasonable - the courts must defer to the decisions of professionals. Specifically, the Supreme Court has stated:

> the decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision made by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such judgment.

*Youngberg v. Romeo,* 457 U.S. at 323.

In short, those responsible for a civil detainee's care and confinement do not have to provide the highest standard of care or maintain the lowest level of restrictions. *See Thielman v. Leean*, 104 F. Supp.2d 982, 992 (W.D. Wisc. 2001) ("so long as [the] choice was made by a professional, it is presumptively valid even if it is not the best alternative."); *Collington v. Milwaukee County*, 163 F.3d 982, 990 (7th Cir. 1998) (mere disagreement about which of many professionally acceptable treatment plans should have been implemented does not state a due process claim).

---

[2]Missouri Revised Statute §§ 632.480 - .513.

4

Plaintiff's claim that he has been subjected to improper censorship and restrictions on the movies, books, and magazines he may view should be dismissed because plaintiff has not alleged how any of the named defendants are personally and directly responsible for the alleged restrictions. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Finally, plaintiff's claims against the ten unknown employees will be dismissed because fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific enough to permit the identity of the unknown defendants to be determined.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Docs. #1] is **GRANTED**.

5

**IT IS FURTHER ORDERED** that the Court's order granting certain defendants additional time to file an answer [Doc. #9] is **VACATED** as moot.[3]

**IT IS FURTHER ORDERED** that the request to John Treu to waive service of process with regard to certain defendants [Doc. #10] is **VACATED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 3rd day of January, 2007.

_____
**UNITED STATES DISTRICT JUDGE**

---

[3]Requests to waive service of process were sent to defendants before the Court had granted plaintiff leave to proceed in forma pauperis and had finished the § 1915(e)(2)(B) review of the complaint.